IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRYSTAL D. BARKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PROFESSIONAL EDUCATORS OF ) <br> TENNESSEE, ) <br> ) <br> Defendant. ) | Case No. 3:12-cv-0044 <br> Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the Defendant's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Docket No. 57), to which the plaintiff has responded (Docket No. 59), and the defendant has filed a reply (Docket No. 63). Also pending is the plaintiff's Motion for Leave to Amend Complaint (Docket No. 60), to which the defendant has responded (Docket No. 66). For the reasons discussed herein, the plaintiff's motion will be granted, and the defendant's motion will be denied.

## BACKGROUND

The plaintiff, Crystal D. Barker, is a former employee of the defendant, Professional Educators of Tennessee ("PET"), a non-profit organization for educators.[1] She was hired by PET on May 12, 2008, and served as the organization's Director of Communications. On approximately June 15, 2011, the plaintiff approached PET's Executive Director, Mr. John C.

---

[1] Unless otherwise noted, the allegations are drawn from the plaintiff's sworn Complaint. (Docket No. 1.)

1

Bowman, and inquired about her eligibility to take maternity leave. Bowman notified the plaintiff that she was eligible to take a 12-week leave of absence under PET's Family and Medical Leave Act ("FMLA") policy.

On July 20, 2011, the plaintiff informed her supervisor, Jan Forman,[2] of her decision to take maternity leave commencing on August 11, 2011. The plaintiff and Forman also agreed to an arrangement whereby she would work from her home beginning on July 25, 2011 until the commencement of her maternity leave. Forman e-mailed the plaintiff on July 21, 2011 to confirm the details of the at-home work arrangement, which, according to the e-mail, was to last for approximately two weeks. On the same date, Forman sent a similar e-mail to the remainder of PET's staff, which, among other things, stated that the plaintiff would continue her at-home work schedule until she went to the hospital, presumably for her delivery. Pursuant to the foregoing arrangements, the plaintiff began working from her home on July 25, 2011 until her maternity leave officially commenced on August 11, 2011.

After setting forth these allegations, the Complaint describes the FMLA provision contained in PET's Personnel Policy. It alleges that the plaintiff relied in good faith upon the representations written in that policy and otherwise expressed by Bowman and Forman concerning her eligibility for maternity leave. However, in alleging that the plaintiff relied upon such representations, the Complaint, in contrast to the earlier allegations in the Complaint, states that she commenced her maternity leave on July 25, 2011. It does not otherwise explain the disparity between the July 25, 2011 and August 11, 2011 leave commencement dates.

---

[2] Mr. Forman served as the Associate Executive Director of PET.

In any event, the Complaint alleges that the plaintiff e-mailed Bowman on October 26, 2011 to discuss the topic of her return to work. Having failed to receive a response, the plaintiff contacted Forman the following day. On October 28, 2011, Forman responded and told the plaintiff not to report for work on November 1, 2011,[3] but to instead come to the office on October 31, 2011 for a meeting.

Pursuant to this instruction, the plaintiff arrived at PET's offices and met with Bowman and Forman. During this meeting, Bowman presented the plaintiff with the following two documents: (1) an agreement for the plaintiff to resign, effective immediately; and (2) a letter of termination, also effective immediately. The plaintiff was given an ultimatum to either resign or face termination. In addition to giving the aforementioned ultimatum, PET also allegedly threatened to pursue a claim against the plaintiff for alleged overpayment of compensation if she failed to voluntarily resign.[4]

On November 14, 2011, Bowman sent a letter to the plaintiff via Federal Express terminating her employment, effective immediately. Enclosed with the letter was a separation notice reflecting a "lack of performance" as the stated reason for the plaintiff's termination. According to the Complaint, this stated explanation is pretextual. The plaintiff alleges that the real reason behind PET's termination decision stems from its refusal to reinstate her and its intentional decision to violate her FMLA rights.

---

[3] It is unclear from the Complaint whether the parties previously arranged for the plaintiff to report to work on this date.

[4] Although the plaintiff allegedly requested a copy of the documents Bowman presented to her, that request was denied.

3

On January 9, 2012, the plaintiff commenced the instant action, alleging that PET terminated her prior to the completion of her previously approved 12-week maternity leave period in violation of her rights under the FMLA. On August 10, 2012, PET filed the pending motion for judgment on the pleadings. (Docket No. 57.) The plaintiff filed a response and her motion to amend on August 21, 2012. (Docket Nos. 59, 60.)

## ANALYSIS

### I. Standard of Review

#### A. Motion for Judgment on the Pleadings

PET filed the present motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The court is to analyze such a motion under the same standards that govern a motion to dismiss for failure to state a claim upon which relief can be granted brought under Federal Rule of Civil Procedure 12(b)(6). *See Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the

4

claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

### B. Motion to Amend

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant such leave, a court should consider a number of factors, including "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

## II. The Pending Motions

A single sentence in the sworn Complaint lies at the heart of both motions pending before the court. In that sentence, appearing in paragraph 13 of the Complaint, the plaintiff alleges that she "elected to take family medical leave beginning on July 25, 2011." (Docket No. 1 ¶ 13.) This sentence is inconsistent with the Complaint's allegations in previous paragraphs stating that the plaintiff's maternity leave commenced on August 11, 2011.

5

According to PET, the inclusion of the July 25, 2011 date in paragraph 13 of the Complaint dooms the plaintiff's FMLA claim, because it means that the alleged event depriving her of her FMLA rights, which PET asserts is Bowman's delivery of the termination letter on November 14, 2011, occurred after the conclusion of the 12-week leave period. (Docket No. 58, at 6.) On the other hand, the plaintiff contends that the inclusion of the July 25, 2011 date was a typographical error, her medical leave actually commenced on August 12, 2011, and her termination occurred on October 31, 2011, prior to the expiration of her leave period. (Docket No. 59, at 1, 3.) She thus argues that PET's motion should be denied and that she should be granted leave to amend the Complaint to correct the alleged typographical error to reflect that her maternity leave commenced on August 12, 2011. (Docket No. 59, at 3; Docket No. 60, at 1-2.) Having reviewed the Complaint's allegations and the parties submissions, the court is persuaded that the plaintiff has the better of the argument.

It is reasonable to infer from the Complaint's allegations that the July 25, 2011 date included in paragraph 13 is a typographical error. This conclusion is supported by the context in which paragraph 13 appears and, more specifically, the allegations contained in the Complaint's preceding paragraphs. Indeed, paragraph 8 of the Complaint alleges that the plaintiff informed Forman of her election to take maternity leave on August 11, 2011 and made arrangements with him to commence working from home on July 25, 2011. (Docket No. 1 ¶ 8.) The at-home work arrangement was to last until the plaintiff's maternity leave began. (*Id.*) Paragraph 9 of the Complaint describes an e-mail from Forman to the plaintiff confirming the details of the at-home work arrangement, including the fact that this arrangement would last approximately two weeks. (*Id.* ¶ 9.) Paragraph 10 describes an e-mail sent by Forman to the rest of PET's staff informing

6

them that the plaintiff would begin an at-home work schedule beginning on July 25, 2011 that would continue until she went to the hospital. (*Id.* ¶ 11.) Paragraph 11 alleges that the plaintiff actually began working from home on July 25, 2011 and that her maternity leave officially began on August 11, 2011. It is only after describing PET's FMLA policy in paragraph 12, that the Complaint then alleges in paragraph 13, without explanation and in stark contrast to its preceding paragraphs, that the plaintiff elected to take family medical leave beginning on July 25, 2011.

PET urges this court to simply accept the allegations contained in paragraph 13 and conclude that the plaintiff's leave officially began on July 25, 2011. To do so, however, would require the court to turn a blind eye to the preceding paragraphs in the Complaint, which plainly allege that the plaintiff commenced *an at-home work schedule* on July 25, 2011 prior to beginning her *maternity leave* on August 11, 2011. In light of this context, which the court cannot ignore, PET's attempt to conflate both of these events and seize upon the July 25, 2011 date is unavailing.

Having found that the July 25, 2011 date appearing in paragraph 13 is a typographical error, the court also concludes that the Complaint sufficiently states a plausible claim for relief under the FMLA. Although the plaintiff does not say as much, in arguing that PET violated her FMLA rights by terminating her prior to the conclusion of the 12-week leave period, she appears to assert an "entitlement" or "interference" theory for recovery arising from 29 U.S.C. § 2615(a)(1). *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004). The interference provision of the FMLA makes it unlawful "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). An FMLA violation exists if the "employer interferes with

7

the FMLA-created right to medical leave or to reinstatement following the leave." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 401 (6th Cir. 2003). To prevail on an interference claim, the plaintiff must allege that: "(1) she was an eligible employee, (2) [her employer] is a covered employer, (3) she was entitled to leave under the FMLA, (4) she gave [her employer] notice of her intent to take leave, and (5) [her employer] denied her FMLA benefits or interfered with FMLA rights to which she was entitled." *Hoge*, 384 F.3d at 244. In the present case, only the final element appears to be in dispute.

The Complaint alleges that the plaintiff commenced her maternity leave on August 11, 2011, which means that her 12-week leave period concluded on November 3, 2011. The Complaint further alleges that, on October 28, 2011, the plaintiff was instructed by Forman not to report for work on November 1, 2011, but to instead attend a meeting with himself and Bowman at PET's offices on October 31, 2011. At that meeting, the plaintiff was presented with an ultimatum to resign, effective immediately, or otherwise face termination. Thus, on October 31, 2011, PET informed the plaintiff that, for all intents and purposes, she was not welcome to return to work upon the conclusion of her maternity leave. Construing these allegations in the light most favorable to the plaintiff, it is reasonable to infer that PET was liable under the FMLA for interfering with the plaintiff's right to reinstatement following the expiration of her 12-week leave period. Accordingly, PET's motion for judgment on the pleadings will be denied.

Justice also requires that leave be granted to the plaintiff so that she may amend her Complaint to correct the typographical error contained in paragraph 13 to reflect that her maternity leave commenced on August 12, 2011. In reaching this conclusion, the court finds that none of the applicable factors identified by the Sixth Circuit in *Perkins* counsels against granting such leave. Indeed, the plaintiff timely filed her motion to amend in advance of the

8

November 16, 2012 deadline set forth in the Initial Case Management Order. (*See* Docket No. 53.) Counsel for the plaintiff also represented that prior notice was given to PET's counsel concerning the plaintiff's intention to file a First Amended Complaint. (Docket No. 60, at 2.) In addition, the court fails to find any bad faith accompanying the plaintiff's decision to file the present motion to amend. Nor does it find that granting the motion will cause undue prejudice to PET, because the organization was already aware of the Complaint's allegations stating that the plaintiff's maternity leave began on August 11, 2011. While PET contends that it will be prejudiced by the amendment because the plaintiff's FMLA claim, as currently pled, is not valid, the court has already concluded that the current Complaint states a facially plausible claim under the Act. Moreover, PET does not argue, and the court fails to find, that the requested amendment is futile. Thus, for all of these reasons, the court will grant the plaintiff's motion to amend.

The plaintiff has attached her proposed First Amended Complaint as an exhibit to her motion. The proposed pleading corrects the typographical error contained in paragraph 13 to reflect that the plaintiff's maternity leave commenced on August 12, 2011. However, it fails to substitute the August 12, 2011 date into paragraphs 8 and 11, which continue to allege that the plaintiff commenced her maternity leave on August 11, 2011. Thus, the proposed pleading replaces one internal inconsistency concerning the commencement of the plaintiff's maternity leave with another. In light of these circumstances, the plaintiff will be ordered to file a First Amended Complaint uniformly alleging that her maternity leave commenced on August 12, 2011.

## CONCLUSION

Based on the foregoing, the Defendant's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Docket No. 57) is **DENIED** and the plaintiff's Motion for Leave to Amend Complaint (Docket No. 60) is **GRANTED**. The plaintiff shall file her First Amended Complaint complying with the rulings made herein by October 19, 2012.

It is so ordered.

Enter this 9th day of October 2012.

ALETA A. TRAUGER
United States District Judge

10

Case 3:12-cv-00044   Document 67   Filed 10/09/12   Page 10 of 10 PageID #: 381